UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL L. WRIGHT,

    Plaintiff,

-vs-                                                  Case No. 8:10-CV-540-T-30TGW

STATE OF FLORIDA,

    Defendant.
_____/

## **ORDER**

        This cause is before the Court on Plaintiff's "Motion to Request Federal District Court to Read Motion, Take Appropriate Action Against Illegal Activities of Sarasota Sheriff's Officers and Counsellors [sic], Direct Violations of Defendant's Civil and Constitutional [sic] Rights, and for a Federal Review" (hereinafter "complaint") (Dkt. 1). The Court construes Plaintiff's complaint as a complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief. In his complaint, Plaintiff asserts that the Sarasota County Sheriff's Office, the state attorney prosecuting his criminal case, and both his former and present defense counsel are concealing "impeachment evidence." He asserts that without the evidence, "the verdict is presumed" and "there will be no fair trial." (Dkt. 1 at pg. 2). He asserts, therefore, that Defendant, the State of Florida, has violated his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution. For relief, Plaintiff requests the Court review this matter and "gather" the allegedly concealed evidence.

# DISCUSSION

Standard of Review

Because Plaintiff filed this action against a governmental entity while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental entity has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

Analysis

A review of the applicable law and facts demonstrates that, for the following reasons, Plaintiff's complaint must be DISMISSED.

Plaintiff apparently seeks to have this Court intercede in his state criminal case on the basis that he is being denied his constitutional rights. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged

3

> with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, abstention is required under *Younger* when: "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 Fed. Appx. 231, 232 (11th Cir. 2009) (unpublished opinion).

In the present case, it is apparent from his complaint that Plaintiff has a state criminal proceeding pending, the pending action implicates important state interests,[1] and the allegations of the complaint wholly fail to show that Plaintiff does not have an adequate

---

[1] The ability to prosecute criminal charges is an important state interest. *See Christman*, 315 Fed. Appx. at 232.

opportunity in the state court proceedings to raise his constitutional challenges.[2] Therefore, the *Younger* abstention doctrine applies and this Court will not interfere in Plaintiff's ongoing state criminal proceedings.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The **Clerk** is directed to terminate any pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 2, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Plaintiff *pro se*

---

[2] Plaintiff bears the burden of demonstrating that state procedures are inadequate. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir.2003) ("The plaintiffs bear the burden of establishing each of the three standing elements.").